UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVERETT H. STEMBRIDGE,

               Plaintiff,

-against-

GREYHOUND LINES INC.,

               Defendant.

25-CV-6780 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Bronx County, New York, brings this *pro se* action under the Court's federal question jurisdiction. He asserts disability discrimination claims against Greyhound Lines Inc., arising from an incident that occurred in Arizona. (ECF 1 at 5.) For the following reasons, the Court transfers this action, under 28 U.S.C. §§1404(a), 1406(a), to the United States District Court for the District of Arizona.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that in 2023, a Greyhound Bus driver discriminated against him during a bus ride from Flagstaff, Arizona to the Phoenix Airport in Phoenix, Arizona. (ECF 1, at 5-6.) Plaintiff provides addresses for Greyhound in Dallas, Texas, and in New York, New York (*id.* at 4), but the complaint does not include any facts about whether Greyhound Lines Inc. can be deemed to reside in this district. The allegations in the complaint show that all of the events giving rise to Plaintiff's claims took place in Arizona, outside this district; Flagstaff and Phoenix are located within the District of Arizona. *See* 28 U.S.C. § 82. It thus appears that the only proper venue for Plaintiff's claims or, at least, the most appropriate venue for Plaintiff's claims is the United States District Court for the District of Arizona under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer that action to any other federal district court where it might have been brought " [f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Court concludes that it is appropriate to transfer of this action to the District of Arizona, where it could have been brought, under 28 U.S.C. §§1404(a), 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Arizona. 28 U.S.C. §§1404(a), 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this court. This order closes the case in this district.

---

[1] Plaintiff did not pay the filing fees or submit an application to proceed without

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 19, 2025
           New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

prepayment of fees.